[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Dion Robertson, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated assault, in violation of R.C. 2903.12(A)(2), and possessing a weapon while under a legal disability, in violation of R.C. 2923.13(A)(3), both with gun specifications. He was convicted of the offenses following a bench trial. For the following reasons, we affirm the trial court's judgment.
In his sole assignment of error, Robertson argues that the convictions were contrary to the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weight the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1]
R.C. 2903.12 provides the following:
 No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
* * *
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *.
R.C. 2923.13(A)(3) provides that "no person shall knowingly acquire, have, carry, or use any firearm * * *" if "[t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *."
In the case at bar, the convictions were not contrary to the manifest weight of the evidence. The victim, Larry Jones, testified that he had confronted Ronald Siler with a baseball bat. Jones stated that Siler's companion then drew a firearm. As Jones ran away, he heard shots and was struck in the buttocks with a bullet. At trial, Jones identified the gunman as Robertson, and hospital records confirmed that Jones had been shot. The trial court was thus presented with competent evidence that Robertson was guilty of the offenses.[2] And while Robertson emphasizes certain alleged weaknesses in the state's evidence, particularly in the identification testimony of the victim, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice. The sole assignment of error is therefore overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[2] It was stipulated that Robertson had been convicted of drug abuse in 1996, and that he had not been relieved of the disability arising from that conviction.